IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| John Richard Brinsfield | ) | No. CV 07-0672-PHX-ROS (ECV) |
| Petitioner, | ) | **REPORT AND RECOMMENDATION** |
| vs. | ) | |
| Dora B. Schriro, | ) | |
| Respondent. | ) | |

TO THE HONORABLE ROSLYN O. SILVER, UNITED STATES DISTRICT JUDGE:

Pending before the court is Petitioner's *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.  Doc. #1.

**BACKGROUND**

Petitioner was convicted of second degree murder in 1990 and sentenced to twenty years in prison. Doc. #20, Exh. B at 2.  The Arizona Court of Appeals subsequently reversed the conviction and remanded the case for a new trial.  Id.  While Petitioner was on release pending retrial, he was convicted of aggravated assault and sentenced to 13 years in prison on October 20, 1993.  Doc. #20, Exh. B at 2, Exh. N, Exh. M at 14.  Petitioner was retried in 1997 and again convicted of second degree murder.  Doc. #20, Exh. B at 2.  He was sentenced to an aggravated term of 25 years in prison to be served consecutively to the sentence for the assault conviction.  Id.

1    Petitioner filed a direct appeal in the aggravated assault case, and on November 14,

2    1996, the Arizona Court of Appeals affirmed the conviction and sentence in a Memorandum

3    Decision.  Doc. #20, Exh. N.  Petitioner sought review in the Arizona Supreme Court, which

4    was denied on November 24, 1997.  Doc. #20, Exh. L at 4.

5    Petitioner also filed a direct appeal in the second degree murder case, and on March

6    26, 2002, the Arizona Court of Appeals affirmed the conviction and sentence.  Doc. #20,

7    Exh. B.  Petitioner sought review in the Arizona Supreme Court but the request was denied

8    on October 31, 2002.  Doc. #20, Exh. E.

9    After Petitioner filed his notice of appeal in the murder case but before the Court of

10   Appeals issued its decision, Petitioner filed a Petition for Post-Conviction Relief.  Doc. #20,

11   Exh. F.  On May 22, 2001, the trial court summarily denied the petition.  Doc. #20, Exh. G.

12   After Petitioner filed a petition for review in the Arizona Court of Appeals, the Court

13   consolidated the petition for review in the post-conviction proceedings with the direct appeal

14   and denied all relief.  Doc. #20, Exh. B.  The post-conviction relief petition for review in the

15   Arizona Supreme Court, which was also consolidated with the direct appeal petition for

16   review, was denied on October 31, 2002.  Doc. #20, Exh. E.

17   Petitioner also sought post-conviction relief in the aggravated assault case.  According

18   to the Pinal County Superior Court docket, Petitioner filed either a notice of post-conviction

19   relief or a petition for post-conviction relief on November 22, 1994, January 23, 1996,

20   January 15, 1998, and March 12, 1999.  Doc. #20, Exh. M at 15-17.  On July 22, 1999,

21   Petitioner was granted permission to withdraw his last petition for post-conviction relief.

22   Doc. #20, Exh. M at 18.

23   Petitioner also filed a state petition for writ of habeas corpus in the aggravated assault

24   case on September 8, 2006.  Doc. #20, Exh. I.  Petitioner apparently filed it in the Arizona

25   Supreme Court because on October 19, 2006, Justice Ryan wrote an order dismissing the

26   petition because Petitioner should have filed it as a petition for post-conviction relief and

27   presented it first to the trial court and then to the Court of Appeals.  Doc. #20, Exh. J.

28

1       On March 23, 2007, Petitioner filed his Petition for Writ of Habeas Corpus in this
2   court.  Doc. #1.  Respondents filed an Answer to Petition for Writ of Habeas Corpus on
3   October 11, 2007.   Doc. #20.   On November 9, 2007, Petitioner filed a Reply to
4   Respondents' Answer.  Doc. #22.

5                   **DISCUSSION**

6       Respondents contends in their answer that the petition should be dismissed because
7   it was filed after the statute of limitations expired.  Petitioner does not address the statute of
8   limitations defense in his reply.  For the reasons set forth below, the court finds that the
9   habeas petition was not filed within the statute of limitations period and is therefore untimely.
10  As a result, the court need not address the merits of the claims.

11      The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a
12  statute of limitations on federal petitions for writ of habeas corpus filed by state prisoners.
13  See 28 U.S.C. § 2244(d)(1).  A state prisoner must file a federal petition within one year from
14  "the date on which the judgment became final by the conclusion of direct review or the
15  expiration of the time for seeking such review."  28 U.S.C. § 2244(d)(1)(A); see also Lott v.
16  Mueller, 304 F.3d 918, 920 (9th Cir. 2002).  "[T]he period of 'direct review' in 28 U.S.C. §
17  2244(d)(1)(A) includes the period within which a petitioner can file a petition for a writ of
18  certiorari from the United States Supreme Court, whether or not the petitioner actually files
19  such a petition."  Bowen v. Roe, 188 F.3d 1157, 1158-59 (9th Cir. 1999).

20      "The time during which a properly filed application for State post-conviction or other
21  collateral review with respect to the pertinent judgment or claim is pending shall not be
22  counted toward" the limitations period.  28 U.S.C. § 2244(d)(2); see also Lott, 304 F.3d at
23  921.  However, a state petition that is not filed within the state's required time limit is not
24  "properly filed" and, therefore, the petitioner is not entitled to statutory tolling.  Pace v.
25  DiGuglielmo, 125 S.Ct. 1807, 1812 (2005).  "When a post-conviction petition is untimely
26  under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)."  Id.  Moreover,
27  filing a petition for post-conviction relief does not reinitiate a limitations period that ended
28  before the petition was filed.  See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003).

1    The statute of limitations under AEDPA may be subject to equitable tolling. Corjasso

2    v. Ayers, 278 F.3d 874, 877 (9th Cir. 2002).  However, as a general rule, equitable tolling is

3    not available in most cases and may be applied only when "extraordinary circumstances

4    beyond a prisoner's control make it impossible to file a petition on time."  Miles v. Prunty,

5    187 F.3d 1104, 1107 (9th Cir. 1999).

6    **1.    Second Degree Murder Conviction**

7    In Petitioner's second degree murder case, the Arizona Supreme Court denied direct

8    review on October 31, 2002, and under Supreme Court Rule 13, Petitioner had ninety days

9    from that date to file a petition for writ of certiorari.  As a result, the period of "direct review"

10   for statute of limitations purposes ended on January 29, 2003, and the one year limitations

11   period began to run the next day.  See 28 U.S.C. § 2244(d)(1)(A); Bowen v. Roe, 188 F.3d

12   at 1158-59.  Therefore, absent any tolling, the statute of limitations period expired on January

13   29, 2004.

14    Petitioner's state petition for post-conviction relief in the murder case had already

15   been denied by the time the statute of limitations period began to run because, as explained

16   above, the petitions for review in the post conviction proceedings and the direct appeal were

17   consolidated in the Arizona Court of Appeals and the Arizona Supreme Court.  Therefore,

18   once the Arizona Supreme Court denied review, no post-conviction proceedings were

19   pending.  Because there was no state post-conviction proceeding or other collateral review

20   pending at any time during the limitations period, Petitioner is not entitled to any statutory

21   tolling under 28 U.S.C. § 2244(d)(2). Thus, when Petitioner filed his federal habeas petition

22   in this court on March 23, 2007, more than four years had passed since the statute of

23   limitations deadline for the second degree murder case.

24    Additionally, Petitioner has presented nothing to support the application of equitable

25   tolling to his case.  Petitioner has not shown that extraordinary circumstances beyond his

26   control made it impossible to file his petition on time.  For these reasons, the court finds that

27   the petition as it pertains to the second degree murder conviction is untimely.

28   ///

1  **2.        Aggravated Assault Conviction**

2          In the aggravated assault case, Petitioner's petition for review on direct appeal in the

3  Arizona Supreme  Court was denied on November 24, 1997.  Doc. #20, Exh. L at 4.

4  Petitioner had ninety days from that date to file a petition for writ of certiorari.  As a result,

5  the period of "direct review" for statute of limitations purposes ended on February 22, 1998,

6  and  the  one  year  limitations  period  began  to  run  the  next  day.    <u>See</u>  28  U.S.C.  §

7  2244(d)(1)(A); <u>Bowen</u>, 188 F.3d at 1158-59.  Therefore, absent any tolling, the statute of

8  limitations period expired one year later on February 22, 1999.

9          It appears from the Pinal County Superior Court docket that Petitioner had a properly-

10  filed petition for post-conviction relief pending on February 22, 1999.  Doc. #20 Exh. M at

11  16.  However, on July 22, 1999, the post-conviction petition was withdrawn.  Doc. #20, Exh.

12  M at 18.  The limitations period was therefore tolled for five months and began to run again

13  on July 23, 1999.  Because no other state post-conviction proceedings subsequently tolled

14  the limitations period, it expired on July 23, 2000.  Petitioner's state habeas petition, filed on

15  September 8, 2006, did nothing to further toll the time because the limitations period had

16  already expired.  <u>See</u> <u>Ferguson</u>, 321 F.3d at 823.  As a result, when Petitioner filed his federal

17  habeas petition in this court on March 23, 2007, nearly seven years had passed since the

18  statute of limitations deadline for the aggravated assault case.

19          Additionally, as with the deadline applicable to the murder case, Petitioner has

20  presented nothing to support the application of equitable tolling to his case.  He has not

21  shown that extraordinary circumstances beyond his control prevented him from filing his

22  petition on time.  For these reasons, the court finds that the petition as it pertains to the

23  aggravated assault conviction is untimely.

24          For the foregoing reasons, the court finds that the habeas petition is barred by the

25  statute of limitations and will recommend that the petition be denied.

26  **IT IS THEREFORE RECOMMENDED:**

27          That the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. #1)

28  be **DENIED** and **DISMISSED WITH PREJUDICE**;

1       This recommendation is not an order that is immediately appealable to the Ninth

2  Circuit Court of Appeals.  Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of

3  Appellate Procedure, should not be filed until entry of the district court's judgment.  The

4  parties shall have ten days from the date of service of a copy of this recommendation within

5  which to file specific written objections with the Court.  <u>See</u>, 28 U.S.C. § 636(b)(1); Fed. R.

6  Civ. P. 6(a), 6(b) and 72.  Thereafter, the parties have ten days within which to file a

7  response to the objections.  Failure to timely file objections to the Magistrate Judge's Report

8  and Recommendation may result in the acceptance of the Report and Recommendation by

9  the district court without further review.  <u>See</u> <u>United States v. Reyna-Tapia</u>, 328 F.3d 1114,

10  1121 (9th Cir. 2003).  Failure to timely file objections to any factual determinations of the

11  Magistrate Judge will be considered a waiver of a party's right to appellate review of the

12  findings of fact in an order of judgement entered pursuant to the Magistrate Judge's

13  recommendation.  <u>See</u> Fed. R. Civ. P. 72.

14       DATED this 30th day of May, 2008.

Edward C. Voss
United States Magistrate Judge

- 6 -