IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| John Richard Brinsfield,<br><br>    Petitioner,<br><br>vs.<br><br>Dora B. Schriro, et al.<br><br>    Respondents. | No. 07-cv-00672-PHX-ROS (ECV)<br><br>**ORDER ADOPTING THE REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE** |

On May 30, 2008, Magistrate Judge Edward C. Voss filed a Report and Recommendation (Doc. 24) recommending denial of Petitioner's *pro se* petition for Writ of Habeas Corpus. Petitioner filed an objection to the report. (Doc. 29.) For the reasons set forth herein, the Court will adopt the Report and Recommendation.

**BACKGROUND**

Petitioner was convicted of aggravated assault in 1993 and second degree murder in 1997. (Doc. 24 at 1.) The 28 U.S.C. § 2244(d)(1)(A) statute of limitations period for a habeas petition regarding the 1993 conviction expired, absent any equitable tolling, on February 22, 1999; the statute of limitations for the 1997 conviction expired on January 29, 2004. (Id. at 4, 5.) On March 23, 2007, Petitioner filed in this court for a Writ of Habeas Corpus. (Id. at 3.) The magistrate recommended that the petition be denied as untimely because the statute of limitations had expired for both convictions. (Id. at 5.) Petitioner in

1 his objection argues – on grounds not presented below – that he is entitled to tolling of the
2 statute of limitations.

## STANDARD OF REVIEW

A "district judge may refer . . . petitions for writ of habeas corpus to a magistrate, who shall conduct appropriate proceedings and recommend dispositions." Thomas v. Arn, 474 U.S. 140, 141 (1985); see 28 U.S.C. § 636(b)(1)(B). Any party may file objections to the magistrate's report and recommendation. 28 U.S.C. § 636(b) (1). Portions of the report or specified findings or recommendations which are objected to are determined *de novo*, and the reviewing judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). The court may at its discretion consider new evidence not presented to the magistrate. United States v. Howell, 231 F.3d 615, 622 (9th Cir.2000).

## ANALYSIS

This court has chosen to consider new evidence concerning incorrect advice that Petitioner allegedly received sometime after November, 1997 from an unidentified person fraudulently representing themself as a paralegal. (Doc. 29 at 2-3.) Petitioner does not specify precisely when this occurred, but introduces evidence that shows it occurred before the end of 1998. (See Doc. 44 ast 6, Doc. 26 Ex. A at 1.) Petitioner alleges the state-provided "fake paralegal" told Petitioner that there was no statute of limitations on habeas petitions. (Doc. 29 at 2-3.) Petitioner argues that this providing of incorrect information justifies equitable tolling of the statute of limitations for habeas petitions. (Id.)

Respondents argue that Bowles v. Russell, 551 U.S. 205 (2007) makes equitable tolling unavailable to habeas petitioners. (Doc. 35 at 2.) Since Respondents' brief, that argument has been foreclosed by Waldron-Ramsey v. Pacholke, 556 F.3d 1008, 10011 n.2 (9th Cir. 2009) (holding that equitable tolling is available to habeas petitioners).

However, a recent 9th Circuit decision, on facts nearly identical to those here, makes it clear that receiving incorrect advice concerning the statute of limitations from a paralegal "does not rise to the level of extraordinary circumstances" that might equitably toll the statute

of limitations for a habeas petition, because incorrect information from a paralegal or purported paralegal does not "actually ma[k]e it impossible for [a petitioner] to file on time." Alexander v. Schriro, 312 Fed.Appx. 972, 975, 2009 WL 464233 at 2 (9th Cir. Ariz., 2009)[1]. Therefore, Petitioner cannot be granted equitable tolling on that ground.[2]

Petitioner vaguely alleges that he might not have had access to legal material sufficient to inform him of the statute of limitations. (Doc. 29 at 3.) However, Respondents have provided thorough documentation showing that Petitioner did have access to such materials. (Doc. 35.) Petitioner does not argue this point in his reply, (Doc. 44.) and as a result this objection is deemed waived.

Accordingly,

**IT IS ORDERED** that Petitioner's Application for Writ of Habeas Corpus (Doc. 1) is **DENIED WITH PREJUDICE**.

**FURTHER ORDERED** that the Report and Recommendation of Judge Voss (Doc. 24) is **ADOPTED**.

**FURTHER ORDERED** that Respondent's Motion to Strike Nonparty's Unauthorized Correspondence (Doc. 40) is **DENIED AS MOOT**.

DATED this 21st day of July, 2009.

_____
Roslyn O. Silver
United States District Judge

---

[1] This is a non-precedential unpublished decision, cited under 9th Cir. R. 36-3(b).

[2] Even if equitable tolling were available for that reason, it would not be sufficient to bridge the years of unexplained delay (eight years since the limitation period expired on one conviction, and three years since the expiration on the other) in Petitioner's filing.